**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JONATHON MORALES-ALFARO, aka Juan Murillo-Galvez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-70880 <br><br> Agency No. A095-785-325 <br><br> MEMORANDUM[*] |

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Submitted July 26, 2022[**]
San Francisco, California

Before: M. MURPHY,[***] GRABER, and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Jonathon Morales-Alfaro (also known as Juan Murillo-Galvez), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). This court has jurisdiction pursuant to 8 U.S.C. § 1252. "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for . . . withholding of removal[ ] or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under that standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the BIA's determination that Morales-Alfaro failed to establish past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061-62 (9th Cir. 2021); 8 C.F.R. § 1208.16(b)(1). Absent the presumption of future persecution that would accompany a finding of past persecution, substantial evidence (i.e., the absence of harm to his previously threatened family members, the localized nature of his experience with the drug gang, and the uncertain character of the inquiries made concerning his

2

whereabouts) supports the BIA's conclusion that Morales-Alfaro failed to establish an objectively reasonable fear of future persecution in Mexico. *See* 8 C.F.R. § 1208.16(b)(2). Finally, substantial evidence supports the BIA's conclusion that Morales-Alfaro failed to carry his burden of establishing that he could not safely relocate to another area of Mexico. *See id.* § 1208.16(b)(3)(i).

2. Substantial evidence also supports the BIA's denial of CAT relief because Morales-Alfaro failed to show it is more likely than not he will be tortured if returned to Mexico. *See id.* § 1208.16(c)(2); *Nuru v. Gonzales*, 404 F.3d 1207, 1216-17, 1224-25 (9th Cir. 2005).

3. We lack jurisdiction to consider Morales-Alfaro's challenge to the IJ's denial of his request for voluntary departure because he did not raise this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 894-95 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.